**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 13, 2026

Michael A. Barlow
Veronica B. Bartholomew
Quinn Emanuel Urquhart &
Sullivan, LLP
500 Delaware Avenue, Suite 220
Wilmington, DE 19801

A. Thompson Bayliss
Eliezer Y. Feinstein
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Bradley R. Aronstam
S. Michael Sirkin
Kevin A. Rudolph
Ross Aronstam & Moritz LLP
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801

Kimberly A. Evans
Lindsay K. Faccenda
Daniel M. Baker
Robert Erikson
Block & Leviton LLP
222 Delaware Avenue, Suite 1120
Wilmington, DE 19801

> Re: *BitGo Holdings, Inc. v. Galaxy Digital Holdings, LP, et al.*,
> C.A. No. 2022-0808-KSJM

Dear Counsel:

Non-party Pro Publica, Inc. challenged redactions in eight deposition transcripts that the parties filed in connection with Defendants' request for leave to move for summary judgment.[1] In response, the parties each filed Motions for Continued Confidential Treatment.[2] This letter grants both motions.

"Under the First Amendment of the United States Constitution and as a matter of common law, the public has a presumptive right of access to judicial

---

[1] C.A. No. 2022-0808-KSJM, Docket ("Dkt.") 207; *see also* Dkt. 174 (Letter Requesting Leave to Move for Summary Judgment).

[2] Dkts. 210–11.

records."[3]   The public's right of access to court documents and proceedings is "considered fundamental to a democratic state and necessary in the long run so that the public can judge the product of the courts in a given case."[4]

Court of Chancery Rule 5.1 reflects the Court of Chancery's commitment to the public's right of access.[5]   The default presumption under Rule 5.1 is that court proceedings and filings are public record.[6]   Rule 5.1 allows parties to file documents containing confidential information under seal (a "Confidential Filing"), but requires a public version "for every Confidential Filing, except for an exhibit or lodged deposition."[7]   In public versions of Confidential Filings, parties may redact only information that they believe constitutes "Confidential Information" as defined by Rule 5.1.[8]

"Confidential Information" under Rule 5.1 means information:

> (A) that is maintained confidentially; (B) that is not otherwise publicly available; (C) where public access to the information will cause particularized harm; and (D) where the magnitude of the harm from public access to the information outweighs the public interest in the information.[9]

---

[3] *In re Columbia Pipeline Gp., Inc.*, 2018 WL 4182207, at *1 (Del. Ch. Aug. 30, 2018).

[4] *Al Jazeera Am., LLC v. AT & T Servs., Inc.*, 2013 WL 5614284, at *3 (Del. Ch. Oct. 14, 2013) (internal quotation marks omitted).

[5] *Horres v. Chick-fil-A, Inc.*, 2013 WL 1223605, at *2 (Del. Ch. Mar. 27, 2013).

[6] Ct. Ch. R. 5.1(a)(1).

[7] Ct. Ch. R. 5.1(f)(1).

[8] Ct. Ch. R. 5.1(b)(2).

[9] *Id.*

This definition balances "the public interest against the harm that public disclosure might entail with respect to sensitive nonpublic information."[10]

The parties redacted information in the deposition transcripts. The information includes third-party interest in BitGo, BitGo's competitive strategy, non-public financial information such as valuation data, Galaxy's HR information, regulatory information, and internal budget figures and projections.[11]

The court did not rely on any of this redacted material when denying leave to move for summary judgment. The decision did not cite or rely on any of the deposition transcripts.[12] The ruling turned on the fact-intensive nature of the dispute and the inefficiency of summary adjudication.[13]

Because the court did not rely on the redacted material, it is immaterial to the public's understanding of the dispute. Where material has not been used or considered by the court, the public interest in access is minimal.[14] Limited redactions that do not affect the substance of the dispute do not impair public access.[15] The

---

[10] *In re Boeing Co. Deriv. Litig.*, 2021 WL 392851, at *2 (Del. Ch. Feb. 1, 2021) (quoting *Reid v. Siniscalchi*, 2014 WL 6486589, at *1 (Del. Ch. Nov. 20, 2014)).

[11] Dkt. 210 (Pl.'s Mot. for Continued Confidential Treatment) ¶ 32; Dkt. 211 (Defs.' Mot. for Continued Confidential Treatment) ¶ 9.

[12] *See* Dkt. 190 (Letter Decision).

[13] *Id.* at 2–3.

[14] *See Tornetta v. Musk*, 2022 WL 130864, at *6 (Del. Ch. Jan. 14, 2022) (maintaining confidential treatment of information that "has not been used in this case and therefore has not been presented to or considered by the Court").

[15] *See In re Oxbow Carbon LLC*, 2016 WL 7323443, at *4 (Del. Ch. Dec. 15, 2016) (ORDER) (maintaining confidential treatment where the information is "discrete" and the "redaction[s] would not hinder the public's ability to understand[] the nature

public record here already contains the information necessary to understand the parties' claims and the court's ruling.

Further, the redacted information is non-public and disclosure could cause particularized harm. Rule 5.1 permits confidential treatment where information is not publicly available and where disclosure would cause harm that outweighs the public interest.[16] After reviewing the redacted information in camera, I have concluded that the information—third-party interest in BitGo, BitGo's competitive strategy, non-public financial information such as valuation data, Galaxy's HR information, regulatory information, and internal budget figures and projections—is the type of sensitive business and personal information that warrants protection at this stage in the litigation.[17] Disclosure could harm competitive standing and damage

---

of the claims that the parties assert"); *see also AlixPartners, LLP v. Thompson*, 2019 WL 4014819, at \*7 (Del. Ch. Aug. 19, 2019) (granting continued confidential treatment where information was "not material to understanding the nature of the dispute' at trial or the 'basis for a judicial decision" (citation modified)).

[16] *See* Ct. Ch. R. 5.1(b)(2).

[17] *See In re Nat'l City Corp. S'holders Litig.*, 2009 WL 1653536, at \*2 (Del. Ch. June 5, 2009) (sealing sensitive third-party financial information); *Al Jazeera Am., LLC*, 2013 WL 5614284, at \*5 ("Rule 5.1 protects sensitive business information like . . . the names of companies that place non-winning bids during corporate reorganizations."); *In re Trust for Gore*, 2011 WL 13175994, at \*2 (Del. Ch. Dec. 22, 2010) (preserving valuation confidentiality because it was "not important for the public's understanding of the merits of the dispute"); *Tornetta*, 2022 WL 130864, at \*4–5 (allowing continued confidential treatment of personnel decisions that "would not help the public understand this case" and where "particularized harms [to the company and its employees] . . . could result from disclosing the redacted information"); *Uvaydov v. Fenwick-Smith*, 2023 WL 4614766, at \*4 (Del. Ch. July 18, 2023) (maintaining confidentiality of "redacted material concern[ing] strategic discussions").

relationships.[18]  For these reasons, continued confidential treatment is warranted.

The motions are granted.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[18] *Al Jazeera Am., LLC*, 2013 WL 5614284, at *5 (recognizing "economic and competitive harm" as factors a court must consider under Rule 5.1); *Uvaydov*, 2023 WL 4614766, at *3–4 (considering the impact of disclosure on customer and competitive relationships under Rule 5.1).